11-1681-ag
Jin v. Holder

BIA
Laforest, IJ
A093 451 553

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand twelve.

PRESENT:
>        GUIDO CALABRESI,
>        ROBERT A. KATZMANN,
>        RICHARD C. WESLEY,
>             *Circuit Judges*.

_____

XIULUO JIN,
>        *Petitioner*,

>        v.                                    11-1681-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Emanuel Liu, Flushing, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Keith I. McManus, Senior
                         Litigation Counsel; Lindsay M.
                         Murphy, Trial Attorney; Sheila
                         Gholkar, Law Clerk, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiuluo Jin, a native of North Korea and citizen of the People's Republic of China, seeks review of an April 6, 2011, decision of the BIA affirming the December 17, 2008 decision of Immigration Judge ("IJ") Brigitte Laforest, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiuluo Jin*, No. A093 451 553 (B.I.A. April 6, 2011), *aff'g* No. A093 451 553 (Immig. Ct. N.Y. City Dec. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's opinions - or more precisely, we have reviewed the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Jin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in her or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the agency reasonably based its adverse credibility determination on internal inconsistencies in Jin's testimony, inconsistencies between Jin's asylum application and her testimony, inconsistencies between Jin's testimony and the documentary evidence, and the lack of sufficient corroborating evidence.

For example, Jin testified that she had never been arrested, before later stating that she had been arrested and detained for three days in China for her participation in an underground church. Jin then testified inconsistently

3

as to the date of that arrest, and her asylum application omitted any mention of the arrest for her religious activities, which formed the basis for her professed fear of future persecution. These inconsistencies were proper grounds for the IJ's adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166.

There were also discrepancies as to Jin's claim that she was forced to have two abortions in 1990. Jin submitted an abortion certificate dated December 16, 1990, stating that she had requested and received an abortion in May 1990, and that she induced another abortion in December 1990 due to her becoming pregnant while using birth control. Jin initially stated that she received the certificate immediately after the May 1990 abortion, before changing her testimony to state that she received it in December. While the IJ initially seemed to indicate that Jin's testimony was consistent with the certificate as to the date, the IJ ultimately concluded that Jin had testified inconsistently on this point.

While the IJ's seeming initial acceptance of this testimony may not have alerted Jin to the need to clarify or corroborate the date she received the certificate, the IJ

4

did alert Jin to credibility concerns relating to the certificate's indication that one of Jin's abortions had been voluntary. Therefore, the need to clarify and corroborate her family planning claim was obvious. *See Ming Shi Xue v. Bd. of Immigration Appeals*, 439 F.3d 111, 126 (2d Cir. 2006). Additionally, the agency need not give notice and an opportunity to explain a dramatic inconsistency where, as here, the discrepancy went to the very heart of Jin's claim for asylum. *Id*. at 125.

The BIA, in turn, affirmed the IJ's adverse credibility determination, explicitly addressing Jin's inconsistencies and omission. Additionally, the BIA reasonably relied on Jin's lack of sufficient corroborating evidence to find that Jin had failed to rehabilitate her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the totality of the circumstances, including Jin's inconsistencies, omissions, and lack of sufficient corroborating evidence, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only basis for Jin's claim depended on her credibility, the adverse credibility determination is also dispositive of her request for withholding of removal and CAT relief. *See Paul*

5

*v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk